IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

HECTOR MANUEL ALVAREZ PEREZ, §
§
Petitioner, §
§
§
V. § No. 3:26-cv-1592-K-BN
§
WARDEN, PRAIRIELAND §
DETENTION CENTER, ET AL., §
§
Respondents. §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Hector Manuel Alvarez Perez, detained by U.S. Immigration and

Customs Enforcement ("ICE") at the Prairieland Detention Center and proceeding

*pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, an

emergency motion for temporary restraining order ("TRO"), and an emergency motion

to expedite habeas corpus proceedings. *See* Dkt. Nos. 3, 4, & 5. United States District

Judge Ed Kinkeade referred the case to the undersigned United States magistrate

judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of

reference. *See* Dkt. No. 1. And the undersigned recommends that Court deny the TRO

motion for the reasons and to the extent set out below.

**Discussion**

Petitioner's habeas corpus application seeks "immediate release" from

confinement. Dkt. No. 3 at 2. His emergency TRO motion asks the Court to "prevent

Respondents from removing or transferring Petitioner outside this Court's

jurisdiction." Dkt. No. 4 at 5. And his emergency motion to expedite proceedings is

predicated on his "not receiving his medical treatment in accordance with his doctor's prescribed schedule" while in detention. Dkt. No. 5 at 1.

To the extent that Petitioner asserts claims in the Section 2241 application or the TRO that are not tied to his release from custody, such as Petitioner's claims concerning the conditions of confinement at Prairieland and his medical condition, such claims may not be made through a habeas action. *Cf. Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) ("[T]he Great Writ does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement."); *see also Karastoian v. Bondi*, No. 5:25-cv-233, 2026 WL 194391, at *5 (S.D. Tex. Jan. 22, 2026) (holding the same for petitioner in ICE detention).

And, so, Petitioner has not provided a valid basis for expediting these proceedings.

And, as to Petitioner's concern that any transfers from this district will deprive the Court of jurisdiction over this case, "[j]urisdiction attached on [the] initial filing for habeas corpus relief, and it [would] not [be] destroyed by [any] transfer of petitioner and accompanying custodial change." *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("When Griffin filed his petition, he was incarcerated in a federal prison within the Middle District of Pennsylvania. He filed his petition in the district court of that district and named as respondent the warden of the institution in which he was imprisoned. These steps properly complied with habeas procedure. Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." (citing

*Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001); *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978))).

### Recommendation

The Court should deny Petitioner Hector Manuel Alvarez Perez's emergency motion for temporary restraining order [Dkt. No. 4] and emergency motion to expedite proceedings [Dkt. No. 5].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 18, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE